IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EUGENE BASKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | )   1:16cv1420 |
| | ) |
| SIR WALTER MACK (Union Baptist Church), | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION & ORDER**

THOMAS D. SCHROEDER, District Judge.

This employment discrimination case is before the court on the motions of Sir Walter Mack, Jr.,[1] and Union Baptist Church to dismiss the complaint, as amended, on various grounds. (Docs. 15, 16.) Plaintiff Eugene Baskins, proceeding pro se and in forma pauperis, has responded (Doc. 24), and Mack and Union Baptist Church have filed replies (Docs. 25, 26.) For the reasons set forth below, Baskins' claim for age discrimination against Mack in his individual capacity will be dismissed for lack of subject matter jurisdiction. There remains a serious question as to the court's subject matter jurisdiction over Baskins' remaining claims. Because the deficiencies are subject to possible correction and to avoid the potential of piecemeal rulings, Baskins shall have twenty-one days within which to file either an amended

---

[1] Mack refers to himself as "Dr. Sir Walter Mack, Jr." in his filings. (Docs. 15, 17, 25.)

complaint or the appropriate documentation to support the court's jurisdiction, or the amended complaint will be dismissed without prejudice. In the meantime, the court defers ruling on other grounds for dismissal raised.

I.   **BACKGROUND**

On December 19, 2016, Baskins filed a complaint using the court's pro se form for a civil rights complaint. (Doc. 2.) He sued "Sir Walter Mack (Union Baptist Church)" in his or its individual and official capacities, alleging he was fired "based on age discrimination" and "on refusing to increase a key employee benefits" because he was "part-time." (Doc. 2 at 4.) Baskins attached a copy of a U.S. Equal Employment Opportunity Commission ("EEOC") right-to-sue letter, dated September 30, 2016, and addressed to him. (Id. at 7.) The letter stated that the EEOC closed its file on EEOC charge no. 435-2015-00352 because "the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (Id.) However, the letter does not reference any of the relevant laws, conduct at issue, or any other information regarding the underlying charge.[2] Apart from attaching the right-to-sue letter to his complaint, Baskins made no reference to the EEOC charge.

---

[2] The letter does indicate that "Eric Ellison" of "The Ellison Law Firm" received a copy of the letter. However, none of the parties Baskins names in his caption as Defendants is directly referenced or has admitted receiving notice of the letter.

2

Baskins filed an amended complaint on March 15, 2017, naming Mack, Carles Boyd, and Monica Covington as Defendants in the caption, but naming only Mack in the body of the form complaint. (Doc. 5.) In his amended complaint, Baskins made no reference to the EEOC charge and failed to state against whom the charge was brought. Because Baskins proceeds as a pauper, the Magistrate Judge reviewed the complaint and authorized its filing as to "Sir Walter Mack (Union Baptist Church)" only, even though the court observed that "[a] substantial question remains about the legal sufficiency of the factual matter" alleged in it. Summons was issued on March 16, 2017, as to "Sir Walter Mack (Union Baptist Church)" (Doc. 8) and served that same date (Doc. 11).[3] This court adopted the Magistrate Judge's Recommendation to dismiss Boyd and Covington as Defendants. (Doc. 14.)

The amended complaint, viewed in the light most favorable to Baskins, alleges that he worked as a custodian for Union Baptist Church from June 2011 until he was terminated on March 13, 2014.[4] Three days into his work he was told he would be paid $8.75 an hour, but "three months in the job" the "financial department"

---

[3] The return of service shows that Monica Covington accepted process on behalf of Mack. (Doc. 11). There is no challenge to service in the present motions.

[4] Baskins' filings differ as to the date of termination. In his original complaint, Baskins listed his termination date as March 13, 2015. (Doc. 2 at 4.) In his amended complaint, he alleges he was terminated on March 13, 2014. (Doc. 5 at 3.) In his reply, however, he states he was terminated on March 13, 2015. (Doc. 24 at 2.)

informed him that he would earn $7.25 an hour.  (Doc. 5 at 2.)  This was confirmed in July 2011.  (Id.)  Baskins refused to sign any documentation in July 2011 that confirmed his salary.  (Id.)

According to Baskins, he had more experience and qualifications than church employees Roger Martin (who was paid $10 an hour) and Jay Collins, but was paid less.  (Id.)  He also alleges that there "was a lot of intimidation, hostile work environment, and harassment in the workplace.  The discrimination that they inflicted was from Ms. Monica Covington, Mr. Carles Boyd and Sir Walter Mack."  (Id.)

On March 13, 2014, church officials gave Baskins "some papers to read saying that [he] would work according to what they wrote."  (Id. at 3.)  Baskins did not agree with the papers and refused to sign a letter that was part of the papers.  (Id.)  Carles told Baskins that if he didn't sign the letter he would be fired.  (Id.)  Baskins took his paycheck and, as he proceeded to leave, was terminated.  (Id.)

Baskins alleges he is over 40 years of age and had over 40 years of experience.  (Id. at 4.)  He also alleges, "Yes they judged me by my age and less pay and comment on my age."  (Id.; Doc. 2 at 4 ("This case deals with an employee firing another employee based on age discrimination.").)  While Baskins failed to provide a legal or jurisdictional basis for his claims, his complaint may be liberally construed to allege a claim under the

4

Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and wrongful discharge in violation of North Carolina public policy, N.C. Gen. Stat. §§ 143.422.1 to 143.422.3.

Defendant Mack moves to dismiss the amended complaint on four grounds: (1) there is no individual liability under the ADEA or public policy exception for wrongful discharge under State law; (2) the amended complaint fails to state a claim upon which relief can be granted and should be dismissed under Federal Rule of Civil Procedure 12(b)(6); (3) Baskins' claims are time-barred; and (4) this court lacks subject matter jurisdiction over the claims. (Doc. 19.) Union Baptist Church, to the extent the amended complaint is construed to name it as a Defendant, moves to dismiss on similar grounds: (1) failure to state a claim; (2) failure to name a proper Defendant; (3) statute of limitations; and (4) lack of subject matter jurisdiction. (Doc. 20.) Baskins has filed a three-page handwritten response; it does not address any of the arguments raised by Defendants but makes a reference to having "filed a (EPA) Equal Pay Act back pay" claim. (Doc. 24 at 3.) Mack and Union Baptist Church reply that Baskins should not be permitted to raise new facts and claims not alleged in his complaint. (Docs. 25, 26.)

**II. ANALYSIS**

A court must consider its subject matter jurisdiction as a "threshold matter" prior to addressing the merits of the case.

Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005). "The plaintiff has the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999) (citing Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" Id. (quoting Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768). "The district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" Id. (quoting Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768).

"When reviewing a pro se complaint, federal courts should examine carefully the plaintiff's factual allegations, no matter how inartfully pleaded, to determine whether they could provide a basis for relief. In addition, in order to determine whether the claim of a pro se plaintiff can withstand a motion to dismiss, it is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the

6

plaintiff." Armstrong v. Rolm A. Siemans Co., 129 F.3d 1258 (4th Cir. 1997) (per curiam) (citations omitted). However, the liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading, Bustos v. Chamberlain, No. 3:09-1760-HMH-JRM, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), or to "conjure up questions never squarely presented in the complaint," Brice v. Jenkins, 489 F. Supp. 2d 538, 541 (E.D. Va. 2007) (internal quotation marks and citation omitted). Nor does it require that the court become an advocate for the unrepresented party. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

Mack and Union Baptist Church move to dismiss the amended complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because Baskins failed to cite a jurisdictional basis for his age discrimination claims. (Doc. 19 at 15-16; Doc. 20 at 12-13.) Federal question jurisdiction exists where an action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Under the "well-pleaded complaint rule," a federal court may exercise federal jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The failure to reference a federal law in the complaint is not controlling. Club Comanche, Inc. v. Gov't of Virgin Islands, 278

7

F.3d 250, 259 (3d Cir. 2002) (citing N. Am. Phillips Corp. v. Emery Air Freight Corp., 579 F.2d 229, 233 (2d Cir. 1978))); Davoodi v. Austin Indep. Sch. Dist., 755 F.3d 307, 310 (5th Cir. 2014) (holding that the attachment to the complaint of an EEOC charge alleging a federal claim gave rise to federal question jurisdiction (citing Fed. R. Civ. P. 10(c))). However, the plaintiff must set forth sufficient allegations to give rise to a federal right. Club Comanche, 278 F.3d at 259. To determine whether a plaintiff alleged a federal claim under such circumstances, courts will "look to the pleading requirements established in the statutes from which the causes of action arise, or in courts' interpretations of the pleading requirements of those statutes." Id.

In his amended complaint, Baskins failed to complete Section I of the form complaint regarding the court's jurisdiction over his claim (Doc. 5 at 1) or state any jurisdictional basis for his claims in any of his other pleadings. (Docs. 1, 2, 3, 24.)[5] While the attachment of an EEOC charge that alleges a federal claim can give rise to federal question jurisdiction, Davoodi, 755 F.3d at 310, Baskins did not attach the contents of the EEOC charge to his

---

[5] Baskins also did not complete Section II regarding the basis for jurisdiction in his original form civil rights complaint. (Doc. 2 at 2-3). He did specify in the civil cover sheet that he was bringing his claim under federal question jurisdiction, but he failed to state a cause of action or cite a statute under which he was bringing the claim. (Doc. 3 at 1.)

8

complaint but instead provided only a right-to-sue letter that contained no information about the charge's underlying claims.

Though Baskins failed to cite the jurisdictional basis for his claim, he did plead sufficient facts to establish the nature of his federal claim under the ADEA. The ADEA prohibits age discrimination against people who are at least 40 years old. 29 U.S.C. § 631(a). Private employers that employ twenty or more employees are covered under the statute. Id. § 630(b). In the absence of direct evidence of discrimination, a claim of age discrimination in a discharge case under the ADEA is demonstrated where a plaintiff is (1) a member of the protected class, (2) qualified for the position and meeting the employer's legitimate expectations, (3) terminated despite his qualifications and performance, and (4) replaced by someone with comparable qualifications outside the protected class. Causey v. Balog, 162 F.3d 795, 802 (4th Cir. 1998). In his amended complaint, Baskins specifically pleads facts to establish that he was a member of the protected class (Doc. 5, at 4 ("I was over 40 years of age . . . .").) and that Union Baptist Church was subject to enforcement under the ADEA. (Id. ("Union Baptist Church has 20 or more employees.").) Additionally, he alleges facts to support an inference that he was qualified for the position and met his employer's expectations. (Id.) He also claims that his case is "based on age discrimination" (Doc. 2 at 4) and that "they judged

9

me by my age and less pay and comment on my age" (Doc. 5 at 4.) Therefore, in light of the deference afforded pro se plaintiffs, the court finds that Baskins' failure to cite the jurisdictional basis for his claim does not deprive the court of federal subject matter jurisdiction. See Club Comanche, 278 F.3d at 259; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) ("The Fourth Circuit takes the position that its district courts must be especially solicitous of civil rights plaintiffs.").

In addition, Mack argues that any ADEA claim against him should be dismissed because that act does not create individual liability. In Baskins' original complaint, he stated that he was bringing a claim against Mack in both his individual and official capacity. (Doc. 2 at 2.) To the extent Baskins seeks to bring a claim against Mack in his individual capacity, the court lacks subject matter jurisdiction over it and the claim will therefore be dismissed. Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180–81 (4th Cir. 1998); Birbeck v. Marvel Lighting Corp., 30 F.3d 507, 510-11 (4th Cir. 1994); Thomas v. Duke Univ., No. 3:11-CV-00387-W, 2012 WL 4753299, at *3 (W.D.N.C. Oct. 4, 2012) ("Under well-settled precedent, this Court lacks subject matter jurisdiction over [defendants] in their individual capacities because Title VII and ADEA claims do not permit individual liability for employment discrimination.").

Next, Mack and Union Creek Baptist Church argue that the court

10

lacks subject matter jurisdiction because Baskins failed to demonstrate that he exhausted his administrative remedies prior to bringing his claim under the ADEA (Doc. 19 at 14-15; Doc. 20 at 11-12). Baskins has not responded to this contention.

Prior to filing a federal lawsuit under the ADEA, a plaintiff must file a charge of discrimination with the EEOC. 29 U.S.C. § 626(d)(1); Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). The contents of the charge will determine "the scope of the plaintiff's right to file a federal lawsuit." Jones, 551 F.3d at 300. Subject to limited exceptions, a civil action may only be brought against a prospective defendant named in the charge. 29 U.S.C. § 626(e); Causey, 162 F.3d at 800.[6] Similarly, a plaintiff may bring "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint." Jones, 551 F.3d at 300 (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996)). "[A] failure by the plaintiff to exhaust administrative remedies

---

[6] Courts have recognized an exception to the naming requirement where the defendant has a substantially similar identity to the named party in the EEOC charge. Keener v. Universal Companies, Inc., 128 F. Supp. 3d 902, 915–16 (M.D.N.C. 2015) (applying the substantial identity exception to hold that the plaintiff's failure to name all relevant defendants in her EEOC charge did not deprive the court of subject matter jurisdiction); see Causey, 162 F.3d at 800 n.1 (assuming without deciding that a defendant not named in the EEOC charge could be sued in his representative capacity).

11

concerning [an ADEA] claim deprives the federal courts of subject matter jurisdiction over the claim." Brandford v. Shannon–Baum Signs, Inc., 519 Fed. App'x 817 (4th Cir. 2013) (quoting Jones, 551 F.3d at 300).[7] The Fourth Circuit has recognized that "a plaintiff fails to exhaust his administrative remedies where . . . his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005).

Mack and Union Baptist Church argue that this court lacks the requisite information to determine whether it has subject matter jurisdiction over Baskins' purported ADEA claims because he has failed to attach a copy of the EEOC charge or allege in the complaint against whom the charge was filed. (Doc. 19 at 14-15; Doc. 20 at 11-12.) The court finds that, even liberally construing Baskins' pro se complaint and accepting its allegations as true, Baskins has failed to allege sufficient facts that he has exhausted his administrative remedies as to either Defendant or claim under the ADEA. Brooks v. Coble Settlement, No. 1:14CV280, 2015 WL 862546, at *5 (M.D.N.C. Feb. 27, 2015)("Since Plaintiff did not include a copy of an EEOC charge as against all or any of the

---

[7] The Fourth Circuit ordinarily does not accord precedential value to its unpublished decisions, which "are entitled only to the weight they generate by the persuasiveness of their reasoning." Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006) (citation omitted).

12

present Defendants, this Court cannot determine which, if any, of her claims she may have exhausted."); Jackson-Brown v. Tech. & Project Eng'g Servs., LLC, No. 1:14-CV-01297-GBL, 2014 WL 7272887, at *9 (E.D. Va. Dec. 17, 2014). But see Barkhorn v. Ports Am. Chesapeake, LLC, No. CIV. JKB-10-750, 2011 WL 4479694, at *3 (D. Md. Sept. 26, 2011) ("It is at least somewhat disingenuous for [the defendant] to claim this Court lacks jurisdiction because of a pleading technicality when, in fact, its counsel has been in possession of the very document at issue.").

Apart from attaching a copy of the EEOC right-to-sue letter, Baskins' pleadings make no mention of the contents of his EEOC charge or name the persons against whom the charge was brought. While the right-to-sue letter indicates that "Eric Ellison" of "The Ellison Law Firm" was copied on the letter, it is unclear what relationship, if any, this party has to the Defendants. The court therefore finds that the complaint, as amended, is subject to dismissal because Baskins has failed to allege facts sufficient to determine whether this court has subject matter jurisdiction over his ADEA claim.

Finally, Baskins' response to the motions to dismiss makes an oblique reference to the Equal Pay Act. (Doc. 24 at 3.) A claim invoking federal question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining

jurisdiction' or is 'wholly insubstantial and frivolous.'" Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006) (quoting Bell v. Hood, 327 U.S. 678, 682–83 (1946)); Crosby v. City of Gastonia, 635 F.3d 634, 643 (4th Cir. 2011) (noting that a federal claim may be "so 'plainly insubstantial' or 'entirely frivolous' as to be manifestly outside federal jurisdiction" (quoting Lovern v. Edwards, 190 F.3d 648, 656 (4th Cir. 1999))); Davis v. Pak, 856 F.2d 648, 652 (4th Cir. 1988). The Equal Pay Act, 29 U.S.C. § 206(d), provides a remedy for sex discrimination and provides a cause of action where an employer has paid different wages to employees of opposite sexes, the employees hold jobs that require equal skill, effort, and responsibility, and the jobs are performed under similar working conditions. Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974); Brinkley v. Harbour Recreation Club, 180 F.3d 598, 613 (4th Cir. 1999), overruled on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003). Even if the court considers Baskins' response brief as an effort to amend the allegations of his amended complaint, he simply fails to allege any legal or factual basis to support a claim of discrimination based on sex. Based on the current record, any Equal Pay Act claim is "plainly insubstantial and entirely frivolous." Lovern, 190 F.3d at 656. The court finds that any potential claim under the Equal Pay Act does not provide an adequate basis for subject matter question jurisdiction.

14

The court therefore finds that the complaint, as amended, is subject to dismissal for lack of subject matter jurisdiction. Baskins will be given twenty-one days within which to file a copy of his EEOC charge and/or an amended complaint that alleges facts sufficient to demonstrate that a charge has been brought against a named Defendant. Feuerstein v. Simpson, 582 F. App'x 93, 97 n.3 (3d Cir. 2014) ("[C]ourts have consistently held that leave to amend may be granted without a formal motion." (citing inter alia Straker v. Metro. Transit Auth., 333 F. Supp. 2d 91, 102 (E.D.N.Y. 2004))). To the extent Baskins intends to raise a claim under the Equal Pay Act, he must allege some factual basis for his claim. Baskins is cautioned that if he fails to file the appropriate material(s) within the proscribed period, the court will be left with no other alternative but to dismiss the action without prejudice. The court will defer ruling on any other ground for dismissal raised by Mack and Union Baptist Church not addressed herein. See Steel Co., 523 U.S. at 94 (holding that a federal court may not act under "'hypothetical jurisdiction' that enables a court to resolve contested questions of law when its jurisdiction is in doubt.").

## III. CONCLUSION

For the reasons set forth above, therefore,

IT IS ORDERED that the motions of Mack and Union Baptist Church to dismiss Baskins' claims (Docs. 15, 16) will be GRANTED

15

IN PART as follows:  The ADEA claim against Mack in his individual capacity is DISMISSED WITHOUT PREJUDICE; and the remaining claims of the amended complaint will be DISMISSED WITHOUT PREJUDICE in twenty-one days unless Baskins (1) files a copy of his EEOC charge and/or an amended complaint alleging sufficient facts to demonstrate that he has exhausted his administrative remedies under the ADEA in regard to a named Defendant, and/or (2) alleges sufficient facts to give rise to a colorable claim under the Equal Pay Act.

        /s/   Thomas D. Schroeder
     United States District Judge

August 28, 2017