IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EUGENE BASKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | 1:16CV1420 |
| | ) | |
| SIR WALTER MACK (Union Baptist Church), | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

This employment discrimination case is back before the court on the motions of Sir Walter Mack, Jr.,[1] and Union Baptist Church to dismiss the complaint, as amended. (Docs. 15, 16.) Plaintiff Eugene Baskins, proceeding pro se and in forma pauperis, has responded (Doc. 24), and Mack and Union Baptist Church have filed replies (Docs. 25, 26.) The court issued a memorandum opinion and order on August 28, 2017, dismissing claims against Mack in his individual capacity and giving Baskins the opportunity to (1) file a copy of his Equal Employment Opportunity Commission ("EEOC") charge and/or an amended complaint alleging sufficient facts to demonstrate that he has exhausted his administrative remedies under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., in regard to a named Defendant, and/or (2) amend his filings to allege sufficient facts to give rise to a colorable

---

[1] Mack refers to himself as "Dr. Sir Walter Mack, Jr." in his filings. (Docs. 15, 17, 25.)

claim under the Equal Pay Act, 29 U.S.C. § 206(d). (Doc. 28.)

On September 20, 2017, Baskins filed a copy of his EEOC charge (Doc. 29) and on October 12, he filed an amended complaint with an attachment (Doc. 30).

Having reviewed these materials to determine whether they comply with the court's order, the court finds as follows:

1. The amended complaint fails to contain any factual basis for plausibly stating a claim under the Equal Pay Act. In particular, there is no indication that any decision as to Baskins was made based on his sex. Therefore, Defendants' motions to dismiss will be granted as to any Equal Pay Act claim. Fed. R. Civ. P. 12(b)(6).[2]

2. The EEOC charge makes clear that Baskins exhausted his administrative remedies as to Union Baptist Church, which is named in the charge. (Doc. 29-1.) Defendants' motion to dismiss on grounds of failure to exhaust remedies as to Defendant Union Baptist Church is therefore denied.

3. The amended complaint, read in conjunction with the EEOC charge, which are construed in the light most favorable to him,

---

[2] To the extent that Baskins's amended complaint could be construed as alleging that the Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the court can discern no factual basis for plausibly stating such a claim as the amended complaint contains no allegation that Baskins was ever paid below the federal minimum wage of $7.25 an hour or is otherwise entitled to back pay under the statute. See 29 U.S.C. §§ 206, 207; (Docs. 2, 5, 24, 29, 30). Therefore, Defendants' motion to dismiss will be granted as to any claim under the FLSA.

makes clear that Baskins is alleging that he was 65 years old when he was terminated and replaced by a "younger male (30's-40's)," who was paid more than him. (Doc. 29-1 at 1.) Baskins also alleges "[t]hey told me I was too old." (Doc. 30 at 1.) Further, the allegations that he was permitted to continue to work and be paid if he signed certain documents affirming his past salary are sufficient to raise a plausible claim that he was performing his job duties at a level that met his employer's expectations.[3] Taken together, these allegations allege a plausible claim for age discrimination, and Defendants' motion to dismiss on this ground will be denied. Because Defendants' motion does not distinguish any additional ground for dismissal as to any possible claim under the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.1 et seq., the motion to dismiss, assuming it raised that potential claim as well, is denied.[4]

4. To the extent Defendants seek dismissal for failure to name a proper Defendant (Doc. 18 at 9), the motion will be denied. The EEOC charge named "Union Baptist Church," and Baskins's complaint does as well albeit as "Sir Walter Mack (Union Baptist

---

[3] Baskins previously alleged that "Union Baptist Church has 20 or more employees" (Doc. 5 at 4) and Defendants do not dispute that Union Baptist Church is a covered employer under the ADEA. 29 U.S.C. § 630(b).

[4] The court may exercise supplemental jurisdiction over a State-law claim where it is "so related to claims in the action . . . that [it] form[s] part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

3

Church)." Defendants have not cited any authority that this is insufficient, and they do not challenge sufficiency of service of process (which is therefore waived).

5. Defendants argue that Baskins's ADEA claim is time-barred for failure to file within 90 days of when Baskins received his right-to-sue letter. Based on the current record, Baskins's EEOC charge was filed March 27, 2015, and his right-to-sue letter was issued September 30, 2016. (Doc. 29-1.) Baskins filed his complaint on December 19, 2016. (Doc. 2.) This is well within the 90 day window provided by statute. 29 U.S.C. 626(e). To the extent Defendants argue that the ADEA claim was not sufficiently stated until an amended complaint filed outside the 90-day window (Doc. 18 at 10), this claim lacks merit. As to the ADEA claim, the amended complaint and related attachments did not create any new cause of action but clearly "assert[] a claim . . . that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Thus, all amendments relate back to the date of the original pleading.

For these reasons and for those set forth in this court's prior memorandum opinion and order, therefore,

IT IS ORDERED that the motions of Mack and Union Baptist Church to dismiss Baskins's claims (Docs. 15, 16) will be GRANTED IN PART and DENIED IN PART as follows:

4

1. The motions to dismiss all claims against Mack are GRANTED, and all claims against Mack are DISMISSED WITH PREJUDICE.

2. The motions to dismiss Baskins's claim against Defendant Union Baptist Church under the Equal Pay Act and Fair Labor Standards Act is GRANTED, and all claims against Union Baptist Church under the Equal Pay Act are DISMISSED WITH PREJUDICE and any possible claim under the Fair Labor Standards Act is DISMISSED WITHOUT PREJUDICE.

3. The motions to dismiss Baskins's claim against Defendant Union Baptist Church under the ADEA is DENIED.

/s/ Thomas D. Schroeder<br>United States District Judge

November 16, 2017